**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0419-23

R.G.,[1]

    Plaintiff-Respondent,

v.

R.B.,

    Defendant-Appellant.

_____

Submitted October 15, 2024 – Decided February 13, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FD-01-0392-21.

R.B., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the privacy of the parties and child involved. See R. 1:38-3(d)(12), (13).

Defendant, R.B., appeals from an August 29, 2023 order of the Family Part denying her request to lift the requirement her time with the parties' child be supervised. On appeal, defendant asserts the court erred in failing to lift that requirement. We dismiss the appeal as moot.

Defendant and plaintiff are the parents of a child born in 2018. The parties had repeated encounters with the court in the last three years and were subject to varying custody and parenting time schedules. In an order dated July 5, 2023, defendant was ordered to complete twelve sessions of court-ordered supervised parenting time with the child. The matter was scheduled to return for review in early October. Before completing the first court-ordered session, defendant moved to lift the supervision requirement. In an order dated August 29, 2023, the court denied defendant's request, finding no change in circumstances warranted modification of the order. On October 20, 2023, defendant appealed the court's order denying her request to lift the supervision requirement.

Pending our review of the matter, the court issued an order on January 3, 2025, lifting the requirement for supervision and granting defendant four hours of unsupervised parenting time per week.

> Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm. "A case is technically moot when the

A-0419-23

original issue presented has been resolved, at least concerning the parties who initiated the litigation." To restate, "'an issue is "moot" when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'"

Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot.

[Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010) (citations omitted).]

Imposition of supervision on defendant's parenting time – the sole issue on appeal - has been resolved by the court's January 3, 2025 order. Thus, our decision would have no practical effect on a controversy that has ceased to exist. Further, the issue is not "one of substantial importance, likely to reoccur but capable of evading review[,]" such that we may decide an otherwise moot appeal. Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0419-23